# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KYLE G. BURRIS,

    *Petitioner*,

vs.

DELBERT SAUERS, *et al.*,

    *Respondents*.

2:12-cv-02218-APG-VCF

**O R D E R**

This transferred habeas matter comes before the Court for initial review. It appears that the filing fee requirement was satisfied in the transferor court. Following review, it further appears that this improvidently transferred action should be transferred back to the transferor court because petitioner was not sentenced in this Court.

### *Background*

Petitioner Kyle G. Burris is serving a federal sentence in a federal correctional institution in Pennsylvania. On November 7, 2012, the Clerk of the Middle District of Pennsylvania filed a petition by Burris under 28 U.S.C. § 2241 raising claims challenging his federal plea, sentence and conviction, with the conviction being dated September 15, 2009. The petition initially reflected that this District was the court which imposed the sentence being challenged. However, the allegations in the body of the petition instead referred to petitioner being taken from Buffalo, New York to Montana where he entered the plea.

In a report and recommendation adopted by the presiding district judge, the Middle District of Pennsylvania concluded that the claims presented in the § 2241 petition instead

could be presented only in a motion under 28 U.S.C. § 2255 filed in the sentencing court. On December 27, 2012, the Middle District of Pennsylvania transferred the action to this Court under the belief that petitioner was sentenced in this District. The transferor court apparently took petitioner's initial response in his petition in this regard at face value without checking on this Court's online docketing system to confirm that Burris in fact had been sentenced in this Court.

Petitioner was not sentenced in this Court, and he has no past or present proceedings in this District other than the present transferred action. The Court takes judicial notice of the online docket record of the District of Montana, which reflects that petitioner was sentenced on September 15, 2009, in No. 6:08-cr-00025-CCL-1 in that court.

Prior to the present action, on January 30, 2012, petitioner filed a § 2255 motion in the District of Montana that was filed in No. 6:08-cr-00025-CCL-1. In preliminary proceedings on the motion, the District of Montana noted that the motion was time-barred on its face, subject to petitioner's possible tolling arguments. Burris did not file a memorandum supporting the § 2255 motion within the time allowed by the District of Montana. Instead, on April 20, 2012, the clerk of that court filed a motion by petitioner to withdraw the § 2255 motion. The court granted the motion on May 25, 2012.

### *Discussion*

A transferee court generally should defer to a transferor court's determination that the transfer was appropriate, under law of the case. *See,e.g., Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988). However, the transferee court should not do so where the transfer was "clearly wrong." 486 U.S. at 817. With due respect to the transferor court, the transfer in this case was clearly wrong. This District never has been a proper venue, as petitioner was not sentenced in this District. Given the improvident transfer, the better practice would be to transfer this action back to the Middle District of Pennsylvania to consider the propriety of transferring the matter from that court to the District of Montana. A sequential transfer instead from this Court would raise potential jurisdictional and procedural issues that would not arise on a proper transfer from the original transferor court.

IT THEREFORE IS ORDERED that this action shall be TRANFERRED BACK to the Middle District of Pennsylvania, in connection with that court's No. 1:12-cv-2221, given that petitioner Kyle G. Burris was not sentenced in this District.

This transfer order closes this action in this District.

DATED: May 1, 2013.

_____
ANDREW P. GORDON
United States District Judge